UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

CLAYTON T. JOHNSON,

                                        Plaintiff,

            -against-

PETER WACHTEL, D.O., ADAM LITROFF, D.O.,
EDNA KATZ, M.D., ASLAM KADRI, M.D.,
CITY OF NEW YORK, NEW YORK CITY HEALTH
AND HOSPITALS CORPORATION, and JOHN AND
JANE DOE MEDICAL PROVIDERS 1-10,

                                        Defendants.

------------------------------------------------------------------- x

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED:  11/16/2021

**CONFIDENTIALITY
STIPULATION AND
PROPOSED
PROTECTIVE ORDER**

20-CV-5913 (ALC)(SDA)

> **WHEREAS**, the parties anticipate that they may produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate for public disclosure; and

> **WHEREAS**, the parties seek to ensure that the confidentiality of these documents and information remains protected; and

> **WHEREAS**, good cause exists for the entry of an Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

> **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and defendants, as follows:

> 1.      "Confidential Materials" shall mean (a) the disciplinary-related records of any defendant, to the extent such records may be eligible for confidential treatment pursuant to applicable law, (b) the records of internal investigations conducted by the New York City Department of Correction or other City agencies, (c) Plaintiff's medical and/or psychological records, and (d) other documents and information that may in good faith, during the pendency of

2463622.1

this litigation, be designated "Confidential Material" by the parties or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent that they are obtained by the parties pursuant to the New York Freedom of Information Law ("FOIL") or are otherwise publicly available.

      2.    As used herein, "Designating Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Non-Designating Party" shall mean any party who is not the "Designating Party," as defined herein, for that document or information.

      3.    A Non-Designating Party and that party's attorneys shall not use Confidential Materials produced in discovery in this action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in this action.

      4.    A Non-Designating Party and that party's attorneys shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

    a.   Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in this action.

    b.   Disclosure may be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of this action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

    c.   Attorneys may also disclose the Confidential Materials to the New York City Department of Correction, the New York City Comptroller's Office, the New York City Mayor's Office, and New York City Health & Hospitals Corporation solely in connection with the defense or settlement of this action.

    d.   Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), the Non-Designating Party's

attorney shall provide each such person with a copy of this Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of this action and not to make further disclosure of the Confidential Materials, except in testimony taken in this action.  The attorneys for a Non-Designating Party making such disclosure shall retain the signed consent and furnish a copy to the Designating Party's attorney upon request at a deposition or immediately before trial, although the name of an expert that the Non-Designating Party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

5.      Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL."  Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

6.      The Designating Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receipt of the transcript, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Designating Party or that party's counsel.  In order to effectuate the purpose of subsection (b), all parties are to hold the transcript as

confidential until the Designating Party has had an opportunity to notify all parties of their confidentiality designations in keeping with the provisions of this subsection.

7.      If a Non-Designating Party objects to the designation of any Confidential Materials as confidential, he or she shall state such objection in writing to counsel for the Designating Party, and counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall, within 60 days of the initial objection, request the Court to remove the designation. Any such materials or information shall be treated as Confidential Materials until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

8.      Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

9.      Nothing in this Protective Order shall be construed to limit a Designating Party's use of its own Confidential Materials in any manner, or to limit the use of Confidential Materials or their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such as a FOIL request. Furthermore, notwithstanding the provisions of this Protective Order, if plaintiff, plaintiff's attorneys or anyone on plaintiff's behalf ("plaintiff" or "plaintiff's representatives") make contentions or material misrepresentations that are outside of the proceedings in this action, the substance of which concerns the underlying medical/psychiatric care which is the subject of the suit, or physical,

psychiatric, emotional, or mental injuries to plaintiff allegedly caused by a defendant, that defendant or its attorneys may disclose Confidential Materials or information contained therein in order to rebut the plaintiff's or plaintiff's representatives' contentions or misrepresentations. Such Confidential Material must be necessary to the rebuttal of plaintiff's or plaintiff's representatives' contentions or misrepresentations.

      10.    This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once this action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the Non-Designating Party for any purpose without prior Court approval.

      11.    The Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

      12.    The parties reserve their rights to seek modification of this Stipulation and Protective Order by application to the Court for good cause shown at any time during the course of this litigation or thereafter.

13.     This Protective Order may be executed by the parties in multiple counterparts (although not required) and all of such counterparts so executed shall collectively constitute this one Protective Order and shall be deemed to establish this one Protective Order.

Dated:        November 15, 2021
              New York, New York

ATTORNEYS FOR PLAINTIFF                     ATTORNEYS FOR DEFENDANTS

By:                                         By:

Alexander Goldenberg                        Doreen Dufficy
Cuti Hecker Wang, LLP                       Heidell, Pittoni, Murphy & Bach, LLP
305 Broadway, Ste 607                       99 Park Avenue
New York, NY 10007                          New York, NY 10016

Jaehyun Oh                                  PETER WACHTEL, D.O., ADAM
Aaron Halpern                               LITROFF, D.O., EDNA KATZ, M.D.,
Jacob D. Fuchsberg Law Firm, LLP            ASLAM KADRI, M.D., CITY OF
3 Park Avenue, Ste 3700                     NEW YORK, and NEW YORK CITY
New York, NY 10016                          HEALTH AND HOSPITALS
                                            CORPORATION

SO ORDERED:

STEWART D. AARON, U.S.M.J.

Dated:        November 16, 2021

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Confidentiality Stipulation and Order entered in the United States District Court for the Southern District of New York dated _____, 2021, in the action titled Clayton T. Johnson v. Peter Wachtel, D.O., et al., 20-CV-5913, and understands the terms thereof.  The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution or defense of this case and will not further disclose the Confidential Materials except in testimony taken in this case.


_____
Date

_____
Signature

_____
Print Name

_____
Occupation